IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00969-RBJ

THEODORE C. DUTCHER and
PATRICIA P. DUTCHER,

    Plaintiffs,

v.

VALUE PRESERVATION, LLC and
J.P. MORGAN CHASE, N.A.,

    Defendants.

---

## ORDER

---

The plaintiffs, representing themselves *pro se*, filed a complaint in State Court on March 2, 2012. One of the defendants, JPMorgan Chase Bank, N.A., removed the case to this Court on April 11, 2012. On July 12, 2012 this Court granted both of the defendants' motions for a more definite statement [Docket #19 and #20]. In that order the Court invited the plaintiffs to file an amended complaint. To date, there is no indication that the plaintiffs have filed or plan to file an amended complaint. On September 27, 2012 this Court issued an Order requiring the plaintiffs to show cause as to why the case should not be dismissed for failure to prosecute [Docket #22]. Plaintiffs have no filed any response to the Court's Order or otherwise prosecuted their case.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua

sponte for a plaintiff's failure to prosecute…." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

Prior to choosing dismissal as the appropriate sanction, the Court considers several factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the party was warned in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiffs have made no attempt to prosecute their case. Plaintiffs have not responded to any of defendants' motions, any order of the Court, or otherwise participated in this matter since filing this case in April of 2012.

Accordingly, it is ordered that the case is DISMISSED without prejudice pursuant to Rule 41(b) for plaintiff's failure to prosecute and failure to comply with a court order.

DATED this 19th day of November, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge